UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

ROBERT WIGGINS,

Defendant.
_________________________________/

CASE NO: 25-CR-20509-4

F. Kay Behm
United States District Judge

**OPINION AND ORDER DENYING MOTION**
**<u>TO WITHDRAW GUILTY PLEA (ECF No. 85)</u>**

## I. PROCEDURAL HISTORY

Defendant Robert Wiggins pleaded guilty before this Court on April 16, 2026. The court accepted Defendant's plea, but took the Rule 11 plea agreement under advisement. The Rule 11 plea agreement specified that Defendant would plead guilty to the criminal charges contained in Count 5 of the First Superseding Indictment-Felon in Possession of a Firearm-for activity which occurred on May 30, 2025. In exchange, the criminal charge contained in Count 6, which charges Defendant with being a Felon in Possession of a firearm on June 17, 2025, would be dismissed.

While dismissed, the Plea Agreement provides that Defendant's guidelines "should be calculated as if he had been convicted" of the dismissed count. Defense counsel was unsuccessful in her attempt to have this language stricken from the Plea Agreement. According to Defendant, both the government and defense counsel believed that this would not impact the advisory sentencing guidelines.

The Initial Presentence Report, released on May 22, 2026, held Defendant accountable for an uncharged incident which occurred on May 1, 2025. Defense counsel contacted the Government, requesting that the parties stipulate that, due to the mutual mistake, the parties hold Defendant accountable for only two firearms, not three. According to Defendant, the government admitted that in preparing the Rule 11 plea agreement, the May 1 allegation was overlooked. However, the government would not agree to counsel's proposed stipulation.

Counsel timely filed objections to the inclusion of the May 1, 2025 incident, setting forth the mutual mistake made by the parties. On July 1, 2026, the probation department submitted its updated report, dismissing Defense Counsel's objection and referring it to the court to decide. Defendant asks the court to reject the Rule 11 plea agreement and allow

Defendant to withdraw his plea. According to Defendant, had the parties been aware of the May 1, 2025 uncharged conduct, his counsel would have advised him to plead to the charges in the First Superseding Indictment with no waiver of his appellate rights. And counsel would have correctly advised Defendant of the possible advisory sentencing guidelines range. Defendant contends that based on the material mistake of both parties, Defendant's plea was not knowingly made.

## II. ANALYSIS

After the court accepts a guilty plea, a defendant does not have an absolute right to withdraw it. "When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, the occasion for setting aside a guilty plea should seldom arise." *United States v. Ellis*, 470 F.3d 275, 280–81 (6th Cir. 2006). "The withdrawal of a guilty plea is inherently in derogation of the public interest in finality and the orderly administration of justice." *Id*. (citations omitted).

A defendant wishing to withdraw his plea has the burden to show "a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B); *see Ellis*, 470 F.3d at 280. "The rule is designed to allow a hastily entered plea made with unsure heart and confused mind to be undone…." *Id*. The rule

should not "allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guilty." *Id*. at 280-281. To determine whether a defendant has met the burden of showing a "fair and just reason", "the district court must review all the circumstances surrounding the original entrance of the plea as well as the motion to withdraw." *United States v. York*, 405 F. App'x 943, 949 (6th Cir. 2011) (quoting *United States v. Triplett*, 828 F.2d 1195, 1197 (6th Cir. 1987)). The relevant factors include:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it;
>
> (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings;
>
> (3) whether the defendant has asserted or maintained his innocence;
>
> (4) the circumstances underlying the entry of the guilty plea;
>
> (5) the defendant's nature and background;
>
> (6) the degree to which the defendant has had prior experience with the criminal justice system; and
>
> (7) potential prejudice to the government if the motion to withdraw is granted.

*Ellis*, 470 F.3d at 281 (internal citations omitted). No specific factor is controlling, nor are the listed factors exhaustive. *Id*. The overriding requirement is that a defendant must show "a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B).

As to the first two factors, the Sixth Circuit has not delineated a precise cut-off point beyond which delay is unreasonable. *United States v. Carson*, 32 F.4th 615, 624 (6th Cir. 2022) (citing *United States v. Carpenter*, 554 F. App'x 477, 481 (6th Cir. 2014). But the court has affirmed decisions denying the withdrawal of a guilty plea after delays as short as one or two months. *Id*. (collecting cases). The government indicates that the timespan between the guilty plea and the motion to withdraw the guilty plea is over 100 days and contends that this factor is neutral, at best, for Defendant. Defendant points out that he began pressing his case regarding the third gun shortly after the initial PSR was received on May 22, 2026 by first raising the issue of mutual mistake with the AUSA, who acknowledged that he thought they were only dealing with two guns when the Rule 11 was written, then by filing timely objections to the PSR, and then bringing the motion less than a month after the probation department declined to remove the third gun enhancement. While the delay of 100 days is not insignificant, given the

nature of the issue and Defendant's efforts to resolve it short of filing a motion to withdraw his plea, the court finds that Defendant had a valid reason for not moving earlier. Thus, the first factor is neutral and the second factor favors Defendant.

The third factor – whether Defendant maintains his innocence – weighs heavily against allowing Defendant to withdraw his guilty plea. Defendant does not maintain his innocence as to the charged offenses and in fact, makes clear that even if his motion is granted, he intends to plead guilty to both counts. He just wishes to do so without waiving his appellate rights. In reply, Defendant argues, however, that he is innocent of the conduct relating to the third gun. Defendant points to three still photos allegedly from the May 1 incident. (ECF No. 89, PageID.425). Defendant asserts that there are discrepancies in the photos, including a date/time stamp of July 19, 2023 on one of the photos, and that the building and tree behind the person in the blue jacket in one picture is difference from the building/tree in the other picture. However, Defendant forfeited this argument by leaving it out of his original motion and raising it for the first time in reply. It is well established that a reply brief is not the proper place to raise new arguments or facts, and these facts and arguments appear nowhere in Defendant's original motion and

brief. *See United States v. Carson*, 560 F.3d 566, 587 (6th Cir. 2009); *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008); *United States v. Campbell*, 279 F.3d 392, 401 (6th Cir. 2002) ("[T]he appellant cannot raise new issues in a reply brief; he can only respond to arguments raised for the first time in appellee's brief."). A reply brief is an opportunity to respond to arguments made in the response brief, it does not provide the moving party with a new opportunity to present a new issue for the court's consideration. *Scottsdale*, 513 F.3d at 553. A non-moving party ordinarily has no right to respond to the reply brief and so as a matter of litigation fairness and procedure, such issues are considered waived. *Id.*; *see Allen v. Hardrock HDD, Inc.*, No. 16-13869, 2018 WL 2363924, at *6 (E.D. Mich. May 24, 2018). Accordingly, the court finds that this factor weighs against Defendant.

With respect to the fourth factor of the circumstances of the guilty plea, according to Defendant, the critical issue is that he did not have all of the information necessary to make an informed decision. While Defendant knew that the court might make a different guideline determination than what he was hoping for, he maintains that he was entitled to accurate information on where the differences might arise. And, the Rule 11 plea agreement eliminates Defendant's right to appeal the court's sentencing guideline

calculations. Defendant contends that he forfeited his appellate rights to appeal both the court's sentencing guidelines calculation and the sentence imposed based on a mutual mistake of the parties.

On the other hand, the government points out that "[a] proper plea colloquy generally cures any misunderstandings a defendant may have regarding the implications of his plea." *United States v. Lee*, No. 23-5584, 2024 WL 991870, at *3 (6th Cir. Mar. 7, 2024) (citing *Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999)). But Defendant does not claim the plea taking procedure was deficient or that he did not understand his rights under the Plea Agreement. He claims that the plea was unknowingly made because of a mistaken belief about the potential application of a sentencing enhancement. The Plea Agreement specifies, however, that the court would determine the sentencing guideline range and that Defendant could not withdraw his plea if he disagreed with the guideline range determined by the court, even if that guideline range did not incorporate the parties' recommendations or factual stipulations. (ECF No. 60, ¶ E, PageID.179). The court finds that even though the parties were not aware of the May 1, 2025 incident when the plea was entered into, these facts fall comfortably within Paragraph E of the Plea Agreement. *See United States v. Barnes,* 83 F.3d 934, 938–39 (7th Cir.), *cert.*

*denied,* 519 U.S. 857 (1996) (Where the court is not bound by the parties' understanding or estimation of the correct sentence, the sentence is not an essential term of the contract and therefore sentence misunderstanding cannot be a mutual mistake that constitutes a basis for voiding the plea agreement or withdrawing from the plea.). Additionally, to rescind a plea agreement and permit withdrawal of a guilty plea based on mutual mistake, Defendant must show that "the resulting imbalance in the agreed exchange is so severe that he can not fairly be required to carry it out." *United States v. Frazier*, 805 F. App'x 15, 17 (2d Cir. 2020) (quoting Restatement (Second) of Contracts § 152 cmt. c (1981)). Defendant has not made such a showing here. *See id.* (Defendant failed to make showing required for mutual mistake where he received a sentence within the range provided in the plea agreement and received other benefits from the plea bargain, such as dismissal of other charges.).

Moreover, "'the fact that a defendant underestimated his sentence when entering his plea is not a fair and just reason to permit him to withdraw that guilty plea.'" *United States v. Bowlin*, 534 F.3d 654, 660 (7th Cir. 2008) (quoting *United States v. Gilliam*, 255 F.3d 428, 433–34 (7th Cir. 2001)). "[A] mistake about the possible sentence—especially when the defendant has

been warned that the judge will determine the sentence based on information collected by the Probation Office and at any sentencing hearing—does not [go to the heart of the plea]" and may not be used as the basis for withdrawal of the plea. *Id*. This principle is true even in cases where the defendant later discovered information, through no fault of his own, that would increase his sentence beyond what he anticipated when he entered the plea agreement. *United States v. Wilbourn*, No. 2:20 CR 190, 2023 WL 3844680, at *3 (N.D. Ind. June 6, 2023) (citing *United States v. White*, 597 F.3d 863, 868 (7th Cir. 2010) (mutual mistake about defendant's eligibility for safety valve provision not grounds to withdraw plea); *Bowlin*, 534 F.3d at 657 (after entering guilty plea, defendant discovered her sentence would be increased for "relevant conduct" based on information from confidential informant not disclosed prior to changing her plea). Here, Defendant confirmed under oath that he understood the contingent nature of his sentence. His underestimation of his potential sentence does not serve as a fair and just reason to permit him to withdraw his guilty plea. Thus, this factor weighs against Defendant.

Next, the court must consider Defendant's nature and background and the degree to which the defendant has had prior experience with the criminal justice system. Defendant completed eleventh grade and is 36 years old. He

also has experience with the criminal justice system. While the government points to 15 guilty pleas over the years, Defendant clarifies that nine pleas were for traffic offenses, and four were minor public order misdemeanors such as gambling and loitering. As Defendant further points out, he only has one prior felony conviction, for which he was sentenced to probation and he has never been to prison. However, his experiences indicate a general understanding of the criminal justice system and plea bargaining. *United States v. Goddard*, 638 F.3d 490, 495 (6th Cir. 2011) (finding factors five and six weigh against withdrawal when defendant "understood the consequences of his actions" and had "sufficient contact with the criminal justice system to fully understand his rights and the process"). Thus, these factors weigh against Defendant.

As to the last factor – prejudice to the government - "the government is not required to establish prejudice that would result from a plea withdrawal, unless and until the defendant advances and establishes a fair and just reason for allowing the withdrawal." *Ellis*, 470 F.3d at 285. In the court's view, Defendant has failed to show a fair and just reason, so the court need not consider this last factor.

## III. CONCLUSION

In summary, the court finds that Defendant does not offer a fair and just reason for the withdrawal of his plea. "Rule 11's fair-and-just-reason requirement is not met where a defendant makes a tactical decision to enter a plea and then seeks to withdraw it when he comes to believe he made a bad choice." *United States v. Evans*, 406 F. App'x 946, 950–51 (6th Cir. 2011) (citing *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991)). This is so because the "entry of a guilty plea is no mere gesture, no mere formality, no mere trifle, but a 'grave and solemn act.'" *Id.* (quoting *United States v. Hyde*, 520 U.S. 670, 677 (1997)). To allow a defendant to withdraw his plea for other than a "fair and just reason" would "degrade the otherwise serious act of pleading guilty into something akin to a move in a game of chess." *Id*. (quoting *Hyde*, 520 U.S. at 677). The majority of the factors discussed above weigh against a finding that Defendant has offered a fair and just reason for the requested withdrawal and thus against allowing Defendant to withdraw his plea. Thus, the court **DENIES** Defendant's motion to withdraw his guilty plea.

**SO ORDERED**.

Date: September 18, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge